**In re Vensenci R. HORN, Debtor.**

**No. 01–13179.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Nov. 15, 2002.

Robert J. Berk, Cleveland, OH, for debtor.

Charles T. Hutchins, Secaucus, NJ, for creditor.

### *MEMORANDUM OF OPINION*

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

The question before the Court is whether, in light of out-of-state attorney Charles Hutchins's conduct in this case to date, he should be granted permission to appear *pro hac vice* on behalf of his client, National Check Control. The answer is no, for the reasons explained below.

### I.

The Court has jurisdiction to determine this matter under 28 U.S.C. § 1334 and General Order No. 84 entered by the Unit-

ed States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II.

The Debtor filed a motion to reopen her Chapter 7 case to prosecute an action against National Check Control and its attorney, Charles Hutchins, based on their alleged actions to collect a discharged debt. At the same time, the Debtor filed a Motion for Order on those parties to appear and show cause why they should not be held in contempt. The Debtor attached two post-discharge letters from Attorney Hutchins on behalf of National Check Control to "Vensencia Patton" demanding payment on a debt and threatening civil and/or criminal action if the demand went unmet.

Attorney Hutchins filed a reply alleging lack of intent to violate the Bankruptcy Code based on the two different names used by the Debtor. He signed the document with his New Jersey bar number. He did not include a statement that he was proceeding *pro se* with respect to the claims made against him personally.

The Court held a hearing on the motion to reopen. Attorney Hutchins did not appear in opposition, the motion was granted, and the case was reopened. The Court then set November 14, 2002 as the hearing date on the Motion for an Order against Attorney Hutchins and National Check Control to appear and show cause why they should not be held in contempt.

Before the hearing date, the Debtor moved to strike the opposition to that motion filed by Attorney Hutchins on the ground that he is not admitted to practice before the federal courts in the Northern District of Ohio. Attorney Hutchins filed an Opposition to the Motion to Strike (the "Opposition"). The Opposition includes these thoughts:

"Counsel's Motion to Strike is another example of his frivolous, outrageous, irresponsible and sanctionable conduct in this matter which, from the beginning, was calculated, not to give effect to the law, but rather, to extort money."

"Apparently Robert Berk is unfamiliar with 28 U.S.C. § 1654 which provides '[i]n all courts of the United States the parties may plead and conduct their own cases **personally** or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein'." (Emphasis in the Opposition).

The Opposition continues that the local rule relating to admission to practice before the bankruptcy court in the Northern District of Ohio:

"only addresses counsel, not individuals, yet Mr. Berk knowingly, intentionally, willfully, irresponsibly and erroneously claims the rule relates to filing pleadings or appearances by 'an individual'."

The Opposition then threatens Mr. Berk with sanctions based on conduct described as being "beyond irresponsible," "frivolous," and "incompetent."

The Opposition finishes up with this point:

"My Opposition to Mr. Berk's Motion for an Order to Show Cause put him on notice that errors he personally made with reference to filing Schedules for his client directly resulted in subsequent contacts of his client by National Check Control and myself. Instead of withdrawing his silly motion, he files another silly motion suggesting that only attorneys, not named parties, can appear, and supports this lunacy by mischaracterization of a local rule."

That same date, Attorney Hutchins filed a Motion to Permit Appearance and Participation in Proceedings on behalf of Na-

tional Check Control, acknowledging that he is not admitted to represent clients before the federal courts in this district. He failed to appear at the November 14, 2002 hearing on his own behalf and no one appeared on behalf of National Check Control.

## II.

 Bankruptcy courts in this district have statutory and inherent authority to determine if an attorney should be admitted to practice before them *pro hac vice. D.H. Overmyer Co. v. Robson,* 750 F.2d 31 (6th Cir.1984). The Local Bankruptcy Rules explain the procedure that governs such admission: "Any member in good standing of the Bar of any court of the United States or of the highest court of the state may, upon written or oral motion, be permitted to appear and participate in a case or proceeding." Local Bankr.Rule 2090–1. The decision to permit an attorney to participate under this rule is committed to the sound discretion of the trial court. *Overmyer.*

In deciding whether an attorney should be admitted *pro hac vice,* this Court first considers whether the attorney has established that he is a member in good standing of a federal court or the highest court of a state. The inquiry does not, however, stop there. The Court also considers whether the attorney has shown that he will meet the standards of conduct expected of all attorneys who practice in this district. Essentially, this conduct includes timely filing of documents, attendance at court hearings, effective communication with one's own client, advocacy based on a reasoned reading of the law, and a commitment to civility in the profession, evidenced in both written and verbal contacts with opposing counsel and the Court. *See In re Mann,* 220 B.R. 351, 358 (Bankr.N.D.Ohio 1998). In this case, At-

torney Hutchins filed papers on behalf of a client without being admitted to do so, failed to attend two court hearings, argued without any apparent basis in fact that opposing counsel was engaged in extortion, blamed opposing counsel for his troubles, and stated that opposing counsel should be sanctioned for questioning his ability to appear on behalf of National Check Control while simultaneously admitting that he needed permission to do so, and generally used a tone that can fairly be characterized as rude and abusive. The Court concludes that Attorney Hutchins has not shown that he has the temperament and skills to be admitted *pro hac vice* and his motion is, therefore, denied.

A separate order will be entered reflecting this decision.